IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

| | |
|---|---|
| DAN BURNS, | Cause No. CV 12-51-GF-RKS |
| Petitioner, | |
| vs. | ORDER DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| LEROY KIRKEGARD, Warden, Montana State Prison; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

---

**Synopsis**

Mr. Burns petitioned for habeas relief, alleging his trial attorney was ineffective in giving him advice that led him to accept a plea agreement. He also alleges he was improperly deprived of counsel after his unsuccessful appeal. Mr. Burns is not entitled to habeas relief. His trial attorney gave him accurate, competent advice, and he was not entitled to appointed counsel after his appeal. The petition is denied.

**Status**

On July 16, 2012, Petitioner Dan Burns filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Burns is a state prisoner proceeding pro se. On December 14, 2012, Respondents ("the State") filed an Answer. Mr. Burns filed a reply on January 2, 2013. On November 15, 2012, based on each party's written consent, the case was assigned to the undersigned for all further proceedings, including entry of judgment. 28 U.S.C. § 636(c)(1); Consents (docs. 10, 10-1).

**Facts**

Mr. Burns pled guilty to one count of sexual abuse of a child. Pet. (doc. 1) at 2. He was sentenced to serve sixty years in prison, with thirty-five suspended. *Id.* After appeal on an unrelated issue, he moved to withdraw his guilty plea. The trial court denied the motion, and the Montana Supreme Court affirmed its decision. *State v. Burns*, 277 P.3d 1238, 1241 ¶ 14 (Mont. 2012).

In this Court, Mr. Burns asserts two claims for relief. First, he contends that counsel wrongly advised him that the State would introduce into evidence against him an alleged prior bad act, dating from thirty years earlier, and that this evidence would materially increase the likelihood of conviction. Second, he asserts that his Sixth Amendment right to the assistance of counsel was violated because he was compelled to represent himself in his motion to withdraw his guilty plea and on appeal from the

trial court's denial of that motion.

**Analysis**

**A. Claim 1**

Mr. Burns was charged with one count of sexual abuse of a child, a violation of Mont. Code Ann. § 45-5-625, based on an allegation that he gave a teenage boy a vibrator and told him how to use it. Pet. (doc. 1) at 2. Mr. Burns's attorney, Olivia Norlin, advised him the State would attempt to introduce at trial testimony that Mr. Burns engaged in a similar act thirty years earlier. Mr. Burns asserts he chose to plead guilty because the testimony[1] would be highly prejudicial, but he later discovered its admission might have been so limited that he would instead have gone to trial. Pet. at 8.

Claims of ineffective assistance of trial counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Burns must show both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is a reasonable probability that, but for her errors, "he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

---

[1] Other witnesses, too, were apparently prepared to testify, *e.g.*, Norlin Aff. (doc. 14-5) at 6 ¶ 4.

Further, because the Montana Supreme Court considered this claim on the merits, Mr. Burns may obtain federal habeas relief only if the state court's denial of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). The federal court considers whether the reasoning and result of the state court's opinion are objectively unreasonable, not the specificity of the state courts' analysis. *Williams v. Taylor*, 529 U.S. 362, 405-07 (2000); *see also Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam). When § 2254(d) and the deferential standard of *Strickland* combine, as they do here, the federal court is "doubly deferential" to the state court's decision. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Even on a *de novo* standard, however, the result in Mr. Burns's case would be the same. *See id.* at 124.

Ms. Norlin advised Mr. Burns that testimony regarding a prior act could become admissible either if she called witnesses to testify about his good character or if he chose to testify and made statements such as "I am not into sexual activity," "sex has never been a part of my life," or "I have had no interest in sex throughout my lifetime and do not masturbate." Burns Letter to Norlin Jan. 21, 2009, at 3 (doc. 14-5

4

at 18). Counsel also explained to Mr. Burns that she was concerned he would not be able to resist making such statements, Norlin Letter to Burns Jan. 23, 2009, at 1 (doc. 14-5 at 22) (referring to statements made in Letter of Jan. 21, 2009); Change of Plea Tr. (doc. 14-1) at 13:10-14:12. Therefore, she recommended Mr. Burns forego the opportunity to present evidence of his good character and exercise his right not to testify.

Mr. Burns contends, however, that Ms. Norlin did not "adequately advise[] him regarding the limited use of other crimes evidence." Pet. at 8. He refers, as he did in the state court proceedings, to Mont. R. Evid. 403, 404(b), and 608(b). *E.g.*, Pet. at 6-7; Reply (doc. 15) at 3-4 (referring to Reply re: Mot. to Withdraw Plea (doc. 14-6) at 6-7).

Mr. Burns misapprehends the applicable rule. Rules 403, 404(b), and 608(b) were not likely to come into play. Rule 404(a)(1) was the controlling rule. *See, e.g.*, *State v. Baker*, 815 P.2d 587, 159 (Mont. 1991) (holding that, notwithstanding Rule 404(b), "[c]haracter having been put in issue, it was properly rebutted by the prosecution under Rule 404(a)(1)"). Rule 608 concerns impeachment of witnesses. The prior-acts testimony would not have been directed at Mr. Burns's *witnesses'* character for truthfulness but at Mr. Burns's character. Rule 608 was not relevant. Rule 403 always requires a balancing test to ascertain that evidence is not more

unduly prejudicial than probative, but evidence introduced to rebut an accused's asserted character defense is clearly probative. It is unlikely that Rule 403 would preclude such relevant testimony. And evidence admitted under Rule 404(a)(1) is substantive evidence of innocence or guilt. *State v. Gowan*, 13 P.3d 376, 380 ¶¶ 23 (Mont. 2000). It is not limited to the purposes specified in Rule 404(b). Finally, the entire issue was not one on which a motion *in limine* was likely to be productive, *see* Reply at 4, because the admissibility of the testimony would depend exclusively on what witnesses actually said at trial.

Ms. Norlin reasonably considered the admissibility of the prior act, correctly advised Mr. Burns, and had no reason to file a pretrial motion *in limine*. Mr. Burns's "supposed choice 'not' to testify was a direct result of that advice," Reply at 4, and was logical considering the law and facts of the case. He has failed to show deficient performance by counsel. "[T]here is no reason . . . to address both components of the inquiry," that is, deficient performance and prejudice, if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. This claim is denied.

**B. Claim 2**

Relief is available under 28 U.S.C. § 2254 if a state prisoner shows that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the federal right to counsel applies, *see Scott v. Illinois*,

440 U.S. 367, 374 (1979), it extends through the first appeal as of right and no farther. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Mr. Burns filed his motion to withdraw his guilty plea after the conclusion of his first appeal as of right. *See* Pet. (doc. 1) at 3. He no longer had a federal constitutional right to the assistance of counsel at that time. This claim is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The allegations of Mr. Burns's petition met the low threshold necessary to require an answer, but in light of the state court record, they no longer have any substance. Defense counsel's advice about the admissibility of the prior-act testimony was competent. Mr. Burns was not entitled to counsel at public expense in post-conviction proceedings.

Mr. Burns presents no open questions and nothing on which reasonable jurists could disagree. The law underlying denial of his claims is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Mr. Burns's petition (doc. 1) is DENIED on the merits;

2. The Clerk of Court shall enter, by separate document, judgment in favor of the State and against Mr. Burns;

3. A certificate of appealability is DENIED.

DATED this 6th day of June, 2013.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge